IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOSEPH E. SUGGS,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 16-cv-453-NJR |
| | ) | |
| **CITY OF BELLEVILLE, ILL.,** | ) | |
| **JAMIE NOVAK, PATRICK KOEBBE,** | ) | |
| **AM OWENS, and** | ) | |
| **METRO. CORR. CTR.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

On May 17, 2016, the Court dismissed the complaint in this action for failure to state a claim and ordered Plaintiff, Joseph E. Suggs, to file an amended complaint within 35 days (by June 21, 2016) (Doc. 7). To date, the Court has not received an amended complaint. On May 23, 2016, however, the Court received a document captioned "Statement of the Claim (Continued)" (Doc. 8), which was similar to the "Statement of the Claim" he filed on May 6, 2016 (Doc. 6). Both documents listed legal theories against parties named in the original complaint, but neither document provided any facts connecting the defendants' conduct to the proffered legal theories (*Id.*).

Suggs's supplemental filings are insufficient to state a claim or to comply with this Court's May 17, 2016 Order. In that Order, the Court expressly notified Suggs that it was not acceptable to file piecemeal amendments or additions to his original complaint and that the original complaint would be dismissed in its entirety (Doc. 7 at 2-3). The Order also expressly

warned Suggs that failure to file an amended complaint, captioned "First Amended Complaint," would result in dismissal of his action with prejudice (*Id.*). Despite the Court's guidance, Suggs attempted to do the very thing the Court directed him not to do by filing piecemeal amendments or additions (Docs. 6, 8).

Moreover, even if the Court were to simply conjoin Suggs's three filings and to construe them as a single complaint, the filings are insufficient to state a claim against the defendants. None of the filings contains factual allegations specific to the named defendants, and thus the filings suffer from the same infirmity—they fail to put defendants on notice of any facts giving rise to a claim against them. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (1955) (stating that bare labels and conclusions or a formulaic recitation of elements is insufficient to state a claim); *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under FED. R. CIV. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery").

In light of the insufficiency of Suggs's filings and his failure to comply with the Court's order in the time allotted, this action is **DISMISSED with prejudice**. This dismissal shall count as a **strike** for purposes of 28 U.S.C. § 1915(g). The Clerk of the Court is **DIRECTED** to enter Judgment in favor of Defendants and against Plaintiff Suggs.

**DATED**: August 16, 2016

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**